## FULLER v. THE STATE.

LUMPKIN, J. 1. The charge of the court on the subject of trespass on the property of another as a defense to an assault upon such other with a deadly weapon was fully as favorable to the defendant as the evidence authorized.

2. There was no error in not charging to the effect that if the defendant shot the person injured, and in so doing acted under the fears of a reasonable man that such person was attempting to seduce or debauch his daughter, if death had ensued it would not have been murder. The doctrine of reasonable fears is not applicable to such a case, nor did the evidence authorize such a charge.

3. Evidence that just after the snooting took place a person present said to the accused that he had made a mistake and ought not to have shot the boy who was injured, and that the accused replied that he had done wrong, was admissible.

4. The verdict was amply sustained by the evidence.

*Judgment affirmed. All the Justices concur.*

Submitted November 19,—Decided December 11, 1906.

Indictment for assault with intent to murder. Before Judge Kimsey. Towns superior court. October 13, 1906.

*I. L. Oakes,* for plaintiff in error.

*W. A. Charters, solicitor-general,* contra.

---

## GREER v. CITY OF JACKSON.

EVANS, J. 1. In the absence of any charter provision to the contrary, an authorized municipal ordinance is effective from its enactment, neither publication nor promulgation being necessary to its validity.

2. The testimony before the mayor authorized a finding that the defendant had violated the ordinance forbidding the keeping for illegal sale of intoxicating liquors; and the judge of the superior court did not err in refusing to set aside the judgment of conviction on certiorari.

*Judgment affirmed. All the Justices concur.*

Argued November 19,—Decided December 11, 1906.

Certiorari. Before Judge Reagan. Butts superior court. September 28, 1906.

*Y. A. Wright* and *J. T. Moore,* for plaintiff in error.

*W. E. Watkins,* contra.